[No. 1741-3.    Division Three.    May 21, 1976.]

ROY R. NEAL, ET AL, *Petitioners*, v. GEORGE H. WALLACE, ET AL, *Respondents*.

---

[8]*State v. Mempa*, 78 Wn.2d 530, 536, 477 P.2d 178 (1970).

*James E. Sinding* of *Spokane County Legal Services,* for petitioners.

*James P. McNally, Prosecuting Attorney,* for respondents.

McINTURFF, C.J.—Petitioners' "Motion and Affidavit for an Order to Commence an Action In Forma Pauperis" was denied by the Superior Court for petitioners' failure to affirmatively prove indigency and probable merit of their civil claim for damages and injunctive relief. Petitioners have applied for a writ of mandate directing the Superior Court to allow them to proceed in forma pauperis.

As a preliminary matter, we hold that the prosecut-

ing attorney is the proper court representative of the Superior Court judge. It is the duty of a prosecuting attorney to represent the county or state in any action to which either is a party.[1] A superior court judge occupies a dual position as both state officer and county officer, and is thus entitled to representation by the prosecutor in either or both capacities.[2] The prosecuting attorney is also the proper court representative of the county itself in this case, the county being the ultimate source of payment of waived fees and thus the real party in interest.[3]

Petitioners request mandamus for waiver of fees. Waiver of fees for an indigent is a discretionary act within the inherent power of the court.[4] Though mandamus will lie to direct an officer to exercise the discretion which it is his duty to exercise, mandamus will not lie to compel performance of a discretionary act.[5] The court has exercised its discretion by denying the waiver, making mandamus inappropriate.

However, we think it clear from the face of those papers filed by petitioners that they seek review of the court's denial of their motion. Therefore, the writ denominated as one for mandamus will be treated as one for certiorari. Motions are to be construed as to do substantial justice, with substance controlling over form.[6]

In the same vein, we will treat petitioners' original motion for waiver of the filing fee as a motion to proceed generally in forma pauperis. Piecemeal adjudication of indigency throughout this action would be wasteful of time and resources.

To allow waiver of fees in a civil action, at a minimum, the affidavit accompanying the motion must show

[1]RCW 36.27.020(3); *In re Lewis*, 51 Wn.2d 193, 201, 316 P.2d 907 (1957).

[2]*State ex rel. Edelstein v. Foley*, 6 Wn.2d 444, 448, 107 P.2d 901 (1940).

[3]*See In re Lewis*, 51 Wn.2d 193, 201, 316 P.2d 907 (1957).

[4]*O'Connor v. Matzdorff*, 76 Wn.2d 589, 606-07, 458 P.2d 154 (1969).

[5]*O'Connor v. Matzdorff*, 76 Wn.2d 589, 606-07, 458 P.2d 154 (1969).

[6]CR 7(b)(2); CR 8(f); 2A J. Moore, *Federal Practice* ¶ 7.05 (1961).

"(1) . . . actual, not theoretical, indigency; (2) that but for such waiver a litigant would be unable to maintain the action; (3) that there are no alternative means available for procuring the fees; and (4) that plaintiff's claim is 'brought in good faith and with probable merit.' "[7]

■■ Indigency exists when payment of fees would deprive the party of basic living expenses.[8] Restated, indigency is not destitution but connotes a state of impoverishment which substantially and effectively impairs or prevents pursuit of a court remedy.[9] The affidavit accompanying petitioners' motion to the Superior Court shows a complete dependence upon public welfare and a total absence of surplus cash.[10] Petitioners receive $392 per month through Supplementary Security Income, a federal program, supplemented by the purchase of food stamps.

[7]*Bowman v. Waldt*, 9 Wn. App. 562, 571, 513 P.2d 559 (1973).

[8]*Iverson v. Marine Bancorporation*, 83 Wn.2d 163, 166, 517 P.2d 197 (1973).

[9]*O'Connor v. Matzdorff*, 76 Wn.2d 589, 458 P.2d 154 (1969).

[10]The affidavit shows:

| | | | |
|---|---|---:|---:|
| Income: | | | $392.00 |
| Expenses: | Food stamps | $132.00 | |
| | Property pmt. | 57.00 | |
| | Electricity | 26.00 | |
| | Phone | 20.00 | |
| | Butane | 15.00 | |
| | SSR overpmt. | 5.00 | |
| | Garbage | 5.00 | |
| | Transportation | 20.00 | |
| | Miscellaneous | 30.00 | 310.00 |
| Debts: | Aldens | 24.00 | |
| | Sears | 30.00 | |
| | Home Health educ. serv. | 10.00 | |
| | Western Auto | 19.00 | 83.00 |
| Assets: | Real estate | 1,000.00 | |
| | 1961 Rambler | 50.00 | |
| | TV | 50.00 | |
| | Stereo | 25.00 | |
| | 1948 & 1964 Chev | 150.00 | |
| | Furniture | 300.00 | 1,575.00 |

Monthly living expenses and debts total $393 for their family of four. We feel petitioners' affidavit amply demonstrates actual, not theoretical indigency.

It is apparent that indigency also means the inability to realize ready cash from alternate sources as well as from personal liquid assets. Petitioners' affidavit shows a dearth of salable assets and insufficient borrowing power. Household furnishings, appliances, and clothing are valued at $300. A 1961 Rambler Sedan and a $1,000 equity in their home comprise the bulk of appellants' other assets. Though contrary evidence of ability to borrow, liquidate assets, encumber assets, or call upon friends will rebut an affidavit of indigency, the record discloses no such rebutting evidence by the State.[11] Mere inuendo, suspicion, or conjecture that an indigent can acquire alternate financing is insufficient to rebut the affidavit of indigency.[12]

Referring to the minimum requirements for waiver of fees enumerated above, (2) "that but for such waiver a litigant would be unable to maintain the action" is necessarily implied from petitioners' (1) actual indigency and (3) inability to acquire alternative financing, which have been discussed.

■ Turning to whether the petitioners' claim is brought in good faith with probable merit as one necessary element for the waiver of fees, the attorney's signature on the complaint is prima facie adequate.[13] In the absence of rebutting evidence, the signature is sufficient. With the satisfaction of this final element petitioners' affidavit is complete, and shows no reason for denial of their motion to proceed in forma pauperis.

■ As stated, waiver of fees is a discretionary act within the inherent power of the court. Abuse of discretion warranting reversal is "discretion . . . exercised upon a ground, or to an extent, clearly untenable or manifestly

---

[11]*State v. Rutherford*, 63 Wn.2d 949, 954, 389 P.2d 895 (1964).

[12]*State v. Rutherford*, 63 Wn.2d 949, 954, 389 P.2d 895 (1964).

[13]CR 11; *O'Connor v. Matzdorff*, 76 Wn.2d 589, 458 P.2d 154 (1969); 2A J. Moore, *Federal Practice* ¶ 7.05 (1961).

unreasonable."[14] The record, as well as oral argument, shows that petitioners have sustained their burden of proof of indigency. In our opinion, the petitioners have met the burden as set out in the guidelines in *O'Connor v. Matzdorff*, 76 Wn.2d 589, 458 P.2d 154 (1969), and therefore find no tenable reason for denial of the petitioners' motion.

The order of the Superior Court denying the motion to proceed in forma pauperis is reversed, and the cause remanded for trial.

GREEN and MUNSON, JJ., concur.

---

[14]*Friedlander v. Friedlander*, 80 Wn.2d 293, 298, 494 P.2d 208 (1972).