[No. 74529-3. En Banc.]
Argued May 20, 2004. Decided October 28, 2004.

JOE MCGINNIS, ET AL., *Appellants*, v. THE STATE OF WASHINGTON, *Respondent*.

640

*Lewis L. "Lynn" Ellsworth* and *Warren E. Martin* (of *Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, P.L.L.C.*) and *Stewart M. Jay*, for appellants.

*Christine O. Gregoire, Attorney General*, and *Stewart A. Johnston, Senior Counsel*, and *Kara A. Larsen, Assistant*, for respondent.

*Bertha B. Fitzer* on behalf of Washington Association of Prosecuting Attorneys, amicus curiae.

FAIRHURST, J. — We must determine whether the State qualified as an employer under the industrial welfare act (IWA), chapter 49.12 RCW, prior to 2003. If it did, we must determine whether the legislature's 2003 amendment to the IWA, clarifying that the State is not an employer generally, may apply retroactively.

We find that the State was not an employer under the IWA generally at least as early as 1988. We therefore affirm, on different grounds, the trial court's grant of summary judgment in favor of the State. Because our finding disposes of the controversy in this case, we will not consider the retroactivity of the 2003 IWA amendment.

## FACTS

Appellants are a class of current and former employees of the Department of Corrections and the Department of Social and Health Services (hereinafter Employees) who

claim they were required by the State to work through paid meal and rest periods in violation of the IWA.[1] Employees claim they were required to work straight eight-hour shifts without meal or break periods mandated by the IWA.[2]

In January 2002, Employees filed a complaint in Pierce County Superior Court claiming back wages under RCW 49.52.070. Employees asserted that the State was an employer as defined in chapter 49.12 RCW and subject to the requirements of WAC 296-126-092. The State admitted that Employees worked eight-hour shifts but denied that they "worked through" meal and rest periods. Clerk's Papers at 9.

Prior to trial, the parties submitted cross motions for summary judgment. The trial court granted Employees' motion for partial summary judgment without prejudice, finding that the State was an employer under the IWA and subject to its provisions. Immediately following the trial court's decision, the legislature enacted a purportedly retroactive amendment to the IWA specifying that only certain provisions of the IWA apply to public employers, prior to the effective date of the legislation. LAWS OF 2003, ch. 401, § 2(3). The amendment provided an effective date of May 2003, after which the State immediately moved for summary judgment, arguing that it was not subject to the IWA by virtue of the 2003 amendment. The trial court agreed that the amendment applied retroactively and dismissed the Employees' claims with prejudice.

We granted the Employees' subsequent petition for direct review.

---

[1] Employees' job titles include corrections officers, cooks, juvenile residential security officers, and registered nurses.

[2] A normal workday is between eight and one-half and nine hours, with a one-half to one hour unpaid meal period and two 10 to 15 minute paid periods away from regular work duties. See, e.g., Clerk's Papers at 158, 166; WAC 296-126-092.

## ISSUES

A. Did the State qualify as an "employer" under the IWA prior to 2003?

B. Can the legislature's 2003 amendment to the IWA apply retroactively?

## ANALYSIS

 " 'Construction of a statute is a question of law which we review de novo under the error of law standard.' " *Judd v. Am. Tel. & Tel. Co.*, 152 Wn.2d 195, 202, 95 P.3d 337 (2004) (quoting *Waste Mgmt. of Seattle, Inc. v. Utils. & Transp. Comm'n*, 123 Wn.2d 621, 627, 869 P.2d 1034 (1994)).

### History of the IWA

The legislature enacted the IWA in 1913 to protect women and minors from inadequate wages and unsanitary labor conditions. LAWS OF 1913, ch. 174, §§ 1-21. It did not initially define the term "employer." *Id.* In 1973, the legislature substantially revised the IWA and extended protection to "all employees," including men, women, and minors. LAWS OF 1973, 2d Ex. Sess., ch. 16, § 2. For the first time, the 1973 amendments defined "employer" as

> any *person*, firm, corporation, partnership, business trust, legal representative, or *other business entity* which engages in any business, industry, profession, or activity in this state and employs one or more employees.

Former RCW 49.12.005(3) (1973) (emphasis added).

The Department of Labor and Industries first promulgated rules implementing requirements of the IWA in 1974. The rules defined "employer" using exactly the same language as former RCW 49.12.005(3) (1973), only adding the phrase "unless exempted by chapter 49.12 RCW or these rules." WAC 296-126-002(1). WAC 296-126-001 further de-

fined the applicability of the statute to include any person employed in any industry or occupation, unless

> [s]uch person is an employee of the state or any political subdivision, or municipal corporation to the extent that these rules conflict with any statute, rule or regulation adopted under the authority of the appropriate legislative body.

WAC 296-126-001(4).

In 1976, additional rules were promulgated regarding requirements for employee meal and rest periods. WAC 296-126-092. Those rules prohibited employees from working more than five consecutive hours without a meal period and required that employees be allowed a rest period for each four hours of working time. *Id.*

In 1988, the legislature again amended the IWA to include family care leave requirements. LAWS OF 1988, ch. 236, §§ 1-7. The 1988 amendment expressly applied the new sections of the IWA to public employers. *Id.* § 8(3) ("for the purposes of sections 1 through 7 of this 1988 act [employer] also includes the state, any state institution, any state agency, political subdivisions of the state, and any municipal corporation or quasi-municipal corporation."). The legislature amended the IWA again in 1998 to add a provision regarding employee work apparel and made the provision expressly applicable to public employees. LAWS OF 1998, ch. 334, § 2.

The 2003 amendment was enacted immediately following the trial court's decision in this case solely for the purpose of "[c]larifying the application of the [IWA] to public employers." FINAL BILL REP. ON S.S.B. 6054, 58th Leg., Reg. Sess. (Wash. 2003). The legislature observed that while certain provisions are applicable to employees of the State, "it is unclear whether the remainder of the act applies to public employees." *Id.* It also recognized that some state employees are subject to collectively bargained schedules that depart from regular nine-hour shifts, and it made specific reference to the "[c]urrent litigation." *Id.* The legislature concluded that it had the authority to correct an

inaccurate understanding of the law, particularly if "the amendment is enacted during a controversy regarding the meaning of the law." *Id.* The legislature clarified that, "prior to the effective date of this act, chapter 49.12 RCW and the rules adopted thereunder did not apply to the state or its agencies and political subdivisions except as expressly provided for in RCW 49.12.265 through 49.12.295, 49.12.350 through 49.12.370, 49.12.450, and 49.12.460." LAWS OF 2003, ch. 401, § 1; *see also id.* § 2(3)(a).[3]

## A. Did the State Qualify as an "Employer" under the IWA Prior to 2003?

Employees argue that the IWA has unambiguously defined "employer" to include the State since the legislature extensively revised the statute in 1973 and expanded coverage to "all employees" in Washington.[4] They do not concede the possibility that the language of chapter 49.12 RCW and chapter 296-126 WAC is ambiguous. The State responds that the plain language of the statute and the rules does not include the State because the language applies only to private industry. The State also contends that even if the statute and rules are ambiguous, the history of the IWA demonstrates that the statute had always been intended to apply only to private industry.

Employees further argue that the definition of "employer" in the IWA includes "persons" and that the IWA applies to the State because the definition of "person" under RCW 1.16.080 includes the State. Employees claim that the purpose of the IWA is to protect *all* employees in the state of

___

[3] In the same legislation, the legislature specifically included the State in the definition of employer (subject to certain exceptions) on and after the legislation's effective date. LAWS OF 2003, ch. 401, § 2(3)(b).

[4] Employees also contend their case is supported by *Wingert v. Yellow Freight Systems*, 146 Wn.2d 841, 844, 50 P.3d 256 (2002), which involved a claim against a private company for violating chapter 49.12 RCW and WAC 296-126-092. Employees' reliance on *Wingert*, however, is flawed because *Wingert* involved a private employer. The court did not discuss the application of the holding or the statute to a public employer and the court quoted the legislative authority of the Department of Labor and Industries regarding "employees employed in business and industry." *Id.* at 847.

Washington, and if public employees were not protected by the IWA, they would be left unprotected. The State responds that public employees have always been subject to, and protected by, civil service laws and regulations. Therefore, according to the State, the Employees' claim that state employees would be left unprotected if not covered by the IWA is false.

As the wide gulf between the parties' positions suggests, the definitions of the terms "person" and "employer" may be subject to a variety of interpretations. If the statute's meaning is plain on its face, the court must give effect to that plain meaning. *Fraternal Order of Eagles, Tenino Aerie No. 564 v. Grand Aerie of Fraternal Order of Eagles*, 148 Wn.2d 224, 239, 59 P.3d 655 (2002). A statute is ambiguous, however, when it is fairly susceptible to different, reasonable interpretations, either on its face or as applied to particular facts, and must be construed to avoid strained or absurd results. *Strain v. W. Travel, Inc.*, 117 Wn. App. 251, 254, 70 P.3d 158 (2003). Nevertheless, a statute is not ambiguous merely because different interpretations are conceivable and courts are not obligated to find ambiguity by seeking out alternate interpretations. *Fraternal Order of Eagles*, 148 Wn.2d at 239-40.

Prior to 1988, the language used in RCW 49.12.005(3) arguably was subject to the varying interpretations espoused by the parties in this case. In 1988, however, the legislature adopted legislation specifying that the "the state, any state institution, any state agency, political subdivisions of the state, and any municipal corporation or quasi-municipal corporation" qualified as an employer for purposes of certain new family care leave provisions of the IWA. LAWS OF 1988, ch. 236, § 8(3). Like the 1988 amendment, the legislature explicitly made the IWA section enacted in 1998 specifically applicable to the State. If the IWA already applied to the State, this language would be superfluous.

The legislature is presumed not to include unnecessary language when it enacts legislation. *See Davis v.*

*State ex rel. Dep't of Licensing*, 137 Wn.2d 957, 969, 977 P.2d 554 (1999) ("A fundamental canon of construction holds a statute should not be interpreted so as to render one part inoperative."); *Judd*, 152 Wn.2d at 202 (no portion of a statute shall be rendered meaningless or superfluous through interpretation). Giving proper effect to the language employed by the legislature in 1988 and 1998, it is clear that at least as of 1988 only those sections of the IWA specified by the legislature applied to the State. We hold, therefore, that the IWA did not apply to the State for the purposes underlying Employees' claims. For this reason, the trial court's grant of summary judgment is affirmed.

*B. Can the Legislature's 2003 Amendment to the IWA Apply Retroactively?*

After the trial court concluded the IWA did apply to the State generally in its first summary judgment ruling, the legislature immediately passed legislation intended to retroactively confirm that only specific sections of the IWA apply to public employers. Because we hold that the State was not generally considered an employer under the IWA at least as of 1988, we do not address the retroactivity of the 2003 amendment.

## CONCLUSION

The trial court's grant of summary judgment to the State is affirmed on the ground that the IWA did not apply to the State.

ALEXANDER, C.J., and JOHNSON, MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, and OWENS, JJ., concur.