[No. 23454-1-III.   Division Three.   October 27, 2005.]

F. STEVEN LATHROP, *Appellant*, v. THE STATE ENERGY FACILITY SITE EVALUATION COUNCIL, *Respondent*.

*Jeffrey D. Slothower*, for appellant.

*Robert M. McKenna, Attorney General*, and *Ann C. Essko, Assistant*, for respondent.

*Erin L. Anderson*, amicus curiae.

¶1 BROWN, J. — F. Steven Lathrop appeals the Kittitas County Superior Court's dismissal of his petition for stay and review of State Energy Facility Site Evaluation Council (EFSEC) proceedings alleged to be inconsistent with the local land use plans. He contends the court erred in deciding it lacked subject matter jurisdiction under RCW 80.50.140 and in denying reconsideration. The unique statutory framework involves an expedited administrative process leading to EFSEC siting recommendations to the governor for approval, rejection, or return for further EFSEC proceedings. We hold RCW 80.50.140 vests authority solely in the Thurston County Superior Court to decide petitions for

review of the governor's final decision in a consolidated proceeding to conduct needed fact finding and, upon certain conditions, to certify the petition to the Supreme Court. Accordingly, we affirm.

## FACTS

¶2 The EFSEC is the agency designated in chapter 80.50 RCW for administratively evaluating energy facility site applications. The council is charged with making an expedited recommendation to the governor to approve or deny an energy facility site certification on behalf of the State.

¶3 In January 2003, Sagebrush Power Partners, L.L.C., (Sagebrush) applied to EFSEC for energy facility site certification for a proposed wind turbine facility in Kittitas County. In May 2003, EFSEC began its administrative hearings on the application, making an initial determination that the project would be inconsistent with Kittitas County land use plans and zoning laws. In July 2003, EFSEC granted F. Steven Lathrop's motion to intervene.

¶4 In February 2004, Sagebrush formally asked EFSEC to preempt Kittitas County's land use plans and zoning restrictions. Later, Mr. Lathrop formally asked the council stay its preemption recommendation and immediately rule that the project was subject to the county's land use plan under the Growth Management Act[1] (GMA).

¶5 On August 10, 2004, EFSEC issued Council Order 793, in which it declined to make a decision on the GMA issue. Council Order 793 states: "the Council has not yet taken any position on the merit of the Applicant's *Request for Preemption,* nor will it do so until after the adjudicative hearing has been held, all environmental review documents have been finalized, and all post-hearing briefs have been filed and reviewed." Clerk's Papers (CP) at 190.

¶6 On August 11, 2004, Mr. Lathrop again filed a motion asking EFSEC to decide the GMA issues and dismiss

[1] Ch. 36.70A RCW.

Sagebrush's preemption request. On August 12, 2004, EFSEC issued Council Order 794, denying Mr. Lathrop's motion as untimely under the deadline for dispositive motions, and specifying: "A full and complete ruling on EFSEC preemption jurisdiction and the effect, if any, of the GMA will be forthcoming at an appropriate future date." CP at 231. EFSEC issued Council Order 795, which continued an August 16, 2004 hearing until September 27, 2004, without expressly extending the deadline for filing dispositive motions.

¶7 On August 31, 2004, Mr. Lathrop filed a petition for review in Kittitas County Superior Court, mainly asking the court to declare the council had no authority to preempt Kittitas County zoning laws under the GMA and prohibiting EFSEC from further considering Sagebrush's application unless it complied with the GMA. Mr. Lathrop appended a motion to stay the adjudicative hearing and Council Order 794 to the petition for review. Concurrently, Mr. Lathrop filed a motion and order to show cause why his petition should not be granted.

¶8 On September 13, 2004, the court dismissed Mr. Lathrop's petition for lack of subject matter jurisdiction. Reconsideration was denied. In a memorandum opinion, the court found that through chapter 80.50 RCW, the legislature designated Thurston County Superior Court as the sole forum to review energy facility siting decisions; thus, the court reasoned it lacked subject matter jurisdiction. Mr. Lathrop appealed.

## ANALYSIS

¶9 The issue is whether the court erred in dismissing Mr. Lathrop's petition for review and concluding it lacked subject matter jurisdiction and statutory authority under chapter 80.50 RCW to act on the petition.

¶10 When interpreting a statute, our duty is to discern and implement the legislature's intent. *State v. J.P.,* 149 Wn.2d 444, 450, 69 P.3d 318 (2003). We give effect to the

plain meaning. *McGinnis v. State,* 152 Wn.2d 639, 645, 99 P.3d 1240 (2004). We construe statutes to avoid strained or absurd results. *Strain v. W. Travel, Inc.,* 117 Wn. App. 251, 254, 70 P.3d 158 (2003), *review denied,* 150 Wn.2d 1029 (2004).

■ ¶11 In chapter 80.50 RCW, our legislature set out an expedited administrative procedure to consider energy facility site applications. The procedure is designed to "avoid costly duplication in the siting process and ensure that decisions are made timely and without unnecessary delay." RCW 80.50.010(5). EFSEC conducts administrative hearings on proposed energy facility sites and reports to the governor a recommendation on the disposition of applications for site approval and submission of a "draft certification agreement" when the EFSEC recommends approval. RCW 80.50.040(7), (8). While EFSEC may recommend preemption, solely the governor has the power to preempt land use plans under the statutory scheme.

¶12 The expedited procedure requires EFSEC to report its recommendations within 12 months of receipt of an application. RCW 80.50.100(1). Within the next 60 days after receiving the report of recommendations, the governor must make a decision to approve or reject the application or ask EFSEC to reconsider aspects of the draft certification agreement. RCW 80.50.100(2)(a)-(c). "The rejection of an application for certification by the governor shall be final as to that application." RCW 80.50.100(3).

■ ¶13 "A final decision pursuant to RCW 80.50.100 on an application for certification shall be subject to judicial review pursuant to provisions of chapter 34.05 RCW and this section. Petitions for review of such a decision shall be filed in the Thurston county superior court." RCW 80- .50.140(1). Thurston County Superior Court is to consolidate the appeals and certify the petitions for review by the Supreme Court. RCW 80.50.140(1). Council procedural error is subject to "judicial review as provided in this section." RCW 80- .50.140(2). Council rules and regulations receive judicial review under chapter 34.05 RCW. RCW 80.50.140(3).

¶14 In the sections of RCW 80.50.140, taken together, the legislature unambiguously vested statutory authority solely in the Thurston County Superior Court to sort through interlocutory decisions, final EFSEC recommendations, and the governor's decision in a single consolidated proceeding. Certification of the petition for review to the Supreme Court is required upon specified conditions. The court may conduct fact-finding to complete its review or to include the factual determinations with the Supreme Court certification. RCW 80.50.140(1).

¶15 Nevertheless, Mr. Lathrop contends the governor's final decision alone is subject to the RCW 80.50.140 review process. Mr. Lathrop argues all other EFSEC actions are governed by the Administrative Procedure Act (APA), chapter 34.05 RCW, and may be determined in any superior court. We disagree. Generally, subject matter jurisdiction requires statutory authority to act. *See Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 317, 76 P.3d 1183 (2003). Kittitas County Superior Court lacked statutory authority to proceed.

¶16 Further, the statutory scheme would have no meaning using Mr. Lathrop's interpretation. For example, the requirement of RCW 80.50.140(2) for objections to EFSEC procedures to be filed with the council to avoid waiver of the error for purposes of judicial review under RCW 80.50.140 would be pointless.

¶17 While superior courts have broad general original jurisdiction, here the statutory authority to review energy facility siting decisions under RCW 80.50.140(1) rests solely with the Thurston County Superior Court after final decision by the governor. Under RCW 80.50.100, the governor has 60 days from the council's report of recommendations to approve, reject, or direct reconsideration of any aspect of the draft certification agreement. Notably, EFSEC argues the governor has the power to preempt land use plans or reject an EFSEC recommendation for preemption. In any event, the expedited process is partly designed to avoid time-consuming, piecemeal litigation over the council's interlocutory decisions and processes like that before us today.

¶18 Finally, we note that solely final agency decisions may be appealed under the APA. *See* RCW 34.05.542(2). No final agency decision has yet been made on the GMA issue. Although EFSEC promised a future decision, apparently it is the council's intent to rule late in the process when making its final recommendation report. While Mr. Lathrop argues the EFSEC procedure for issuing the GMA decision delays resolution and increases costs, he is not deprived of review of the agency decisions and process leading to the governor's final decision. But, RCW 80.50.140 does require consolidation of all petitions for review in the Thurston County Superior Court after the governor's decision, which in the end may not be adverse to Mr. Lathrop.

¶19 In sum, the Kittitas County Superior Court correctly ruled it lacked the authority to act over the subject matter because RCW 80.50.140 vests the authority to review the governor's final decision solely in the Thurston County Superior Court. Dismissal was required. Therefore, the trial court did not err in denying reconsideration.

¶20 Affirmed.

SWEENEY, A.C.J., and SCHULTHEIS, J., concur.