Honorable Jeanne Kohl-Welles Senator, 36th District P.O. Box 40436 Olympia, WA 98504-0436
Dear Senator Kohl-Welles:
By letter previously acknowledged, you have requested our opinion on three questions relating to the definition of "basic salary" under RCW 41.18, which governs calculation of certain firefighter pensions. We have paraphrased your questions as follows:
 1. Where a collective bargaining agreement requires all firefighters of a city employer to possess Emergency Medical Technician (EMT) certification and provides a salary increase tied to that certification, is the salary increase part of" basic salary" for purposes of calculating pension benefits under RCW 41.18?[1]
 2. Are a city employer's contributions to a deferred compensation plan for city firefighters pursuant to a collective bargaining agreement part of "basic salary" for purposes of calculating pension benefits under RCW 41.18?
 3. If either amount is part of "basic salary" under RCW 41.18, must the relevant Fire Pension Board alter the basic salary for RCW 41.18 retirees to account for this compensation?
 [original page 2] BRIEF ANSWERS
Under the circumstances described in your request, an increase in salary for firefighters based on EMT certification should be treated as basic salary for the purpose of calculating pension benefits for firefighters who retired under RCW 41.18. A contribution to each firefighter's deferred compensation account that is based on a percentage of a firefighter's top step base salary, however, should not be treated as basic salary.
A determination that certain payments are basic salary necessarily means that any retirement benefit paid to retirees under RCW 41.18 should be adjusted to account for the payment. Thus, a pension board should include the increase in the "basic salary" of firefighters who retired under RCW 41.18 when calculating their retirement benefit under RCW 41.18 or under the comparison provisions of RCW 41.26.040(2) of the LEOFF Act.
 ANALYSIS
Your inquiry concerns the salary and benefits for firefighters who are covered by a collective bargaining agreement. The EMT payments referred to in your inquiry resulted from a provision in the collective bargaining agreement, which required all covered employees to maintain EMT certification as a condition of continued employment. All firefighters who have EMT certification received a percentage increase of their monthly salary. This is the first payment about which you inquire. Additionally, under the collective bargaining agreement, the city will contribute a percentage of a firefighter's top step base salary to each firefighter's account in the city's deferred compensation plan, regardless of whether the firefighter pays into the account. This is the second payment referred to in your inquiry.[2]
By way of background, the retirement system under RCW 41.18, the Firemen's Relief and Pensions Act of 1955, provided benefits to firefighters of cities, towns, and fire protection districts prior to the creation of the Washington law enforcement officers' and firefighters' retirement system, known as LEOFF, that went into effect on March 1, 1970. RCW 41.18.010(2), (13); 41.26.040. Firefighters who were covered by systems in prior acts such as RCW 41.18 had their membership transferred to LEOFF. RCW 41.26.040. Although LEOFF became the exclusive pension system for firefighters, firefighters who retired under RCW 41.18 continue to receive a retirement benefit from that system. In addition, firefighters with service under RCW 41.18 who were transferred to LEOFF on March 1, 1970, and subsequently retired under LEOFF, had their pension rights under the prior act preserved. For those who transferred into the LEOFF system, RCW 41.26.040(2) contemplates a comparison of the retirement benefit under LEOFF and the prior act. A benefit is calculated under each system using all service as though the firefighter had served the entire time under each system. If the prior act benefit is more than the LEOFF benefit, the LEOFF benefit is paid, and the prior act system pays the excess amount. The questions raised here involve the calculation of a retirement benefit under RCW 41.18 for firefighters who either retired directly from a system covered by RCW 41.18 or[original page 3] who transferred from that system to LEOFF and retired under the comparison provisions of RCW 41.26.040(2). The funds held by the prior act systems were not transferred to LEOFF; instead, those funds remain available to pay obligations of prior act systems. RCW 41.26.040(3).
Determining whether the two specified payments are basic salary under RCW 41.18 involves statutory interpretation. When interpreting a statute, it is necessary to discern the Legislature's intent. Campbell v. Dep't of Soc. HealthServs., 150 Wn.2d 881, 894, 83 P.3d 999 (2004). A statute's plain meaning is to be given effect. McGinnis v. State,152 Wn.2d 639, 645, 99 P.3d 1240 (2004). Plain meaning is derived not only from the statute at hand but also from related statutes disclosing legislative intent about the provision in question.Dep't of Ecology v. Campbell Gwinn, L.L.C., 146 Wn.2d 1, 11,43 P.3d 4 (2002). In addition to the traditional rules of statutory construction, public pension legislation is liberally construed in favor of beneficiaries. Hanson v. City of Seattle,80 Wn.2d 242, 247, 493 P.2d 775 (1972).
RCW 41.18.040 provides that a firefighter is entitled to a monthly pension upon retirement "equal to fifty percent of the basic salary now or hereafter attached to the same rank and status held by the said fire[fighter] at the date of his or her retirement". RCW 41.18.040. This is referred to as a "fluctuating pension," because it may change in order to maintain a proportionate relationship to current salary levels. Bates v.City of Richland, 112 Wn. App. 919, 929, 51 P.3d 816 (2002). A fluctuating pension is calculated based upon the basic salary of currently employed firefighters holding the same position as the retiree held at the time of retirement. See Bates,112 Wn. App. at 933-34; see also AGO 1992 No. 24 ("fluctuating pensions should reflect structural changes made in the salary schedule after retirement if the retirees would have benefitted from the change had they continued working").
As your letter indicates, "basic salary" is defined in RCW 41.18.010(4) as follows:
 "Basic salary" means the basic monthly salary, including longevity pay, attached to the rank held by the retired fireman at the date of his retirement, without regard to extra compensation which such fireman may have received for special duties assignments not acquired through civil service examination: PROVIDED, That such basic salary shall not be deemed to exceed the salary of a battalion chief.
I conclude that the reasoning in two Court of Appeals decisions discussed below that analyze a similar definition of "basic salary" in the LEOFF Act provide the answer to your questions.
In Grabicki v. Dep't of Ret. Sys., 81 Wn. App. 745,916 P.2d 452 (1996), the Court of Appeals concluded that education pay was not "basic salary" as defined under RCW 41.26.030(13)(a). The court decided that "basic salary" includes "the basic monthly rate of salary or wages, including longevity pay but not including overtime earnings or special salary or wages".Grabicki, 81 Wn. App. at 749-50. Because the LEOFF definition of "basic salary" did not reference education pay, the Grabicki
court concluded the definition is ambiguous and looked to the dictionary meaning of the key statutory terms "basic" (in the phrase "basic monthly rate of salary or wages") and "special" (in the phrase "special salary or wages"). Grabicki, 81 [originalpage 4] Wn. App. at 750. The court concluded that education pay did not fit the dictionary definition of "basic" because the pay was "not `fundamental,' nor `essential,' nor does it `constitute a minimum' for compensation". Instead, it was an incentive for advanced education. Id. at 751. The court concluded the education pay fit the dictionary definition of "special," because it was pay distinguished from others of the kind, additional to the usual salary, and paid to a "single person . . . or set" of persons. Id. at 751. The Grabicki court noted that the police officer position did not require the education for which the education pay was received. Id. at 753.[3]
In Chancellor v. Dep't of Ret. Sys., 103 Wn. App. 336,344-45,12 P.3d 164 (2000), the Court of Appeals concluded that pay in lieu of vacation leave did not meet the LEOFF definition of "basic salary" in RCW 41.26.030(13). The Chancellor court engaged in the same analysis of the LEOFF definition of "basic salary" as the court did in Grabicki. Chancellor,103 Wn. App. at 342-43. The court gave substantial weight to the Department's longstanding interpretation of basic salary (noted in Grabicki) to be salary attached to the position or rank, which meant payments received for duties performed and not compensation for other personal characteristics or achievements. Id. at 343, citing Grabicki, 81 Wn. App. at 755. The Chancellor court noted that the pay in lieu of vacation leave was not structured as base pay increases for positions. Instead, it was an individual option to convert vacation hours to pay, which made the payment unique to the individual and not attached to the position or rank. Id. at 344. The Chancellor court also saw the pay in lieu of vacation and the education pay in Grabicki
as similar incentive programs, the pay in lieu of vacation being an incentive to work more hours instead of taking vacation time. In that regard, the court noted that the officers were not required to work the extra hours. Id. at 344-45.
The definition of "basic salary" in RCW 41.18.010(4) does not address pay for specialized training or employer deferred compensation contributions. A court addressing the issue would likely conclude that the definition is ambiguous and would analyze key statutory terms based on their dictionary meaning as the courts did in Grabicki and Chancellor. Under that analysis, I conclude that the EMT pay would fit the dictionary definition of "basic." The EMT pay is "fundamental," "essential," and does "constitute a minimum" base pay for the firefighters. Unlike education pay and pay in lieu of vacation leave, EMT certification is required for the firefighter position and is not an individual choice that each firefighter makes. In that regard, the EMT is payment for duties performed by the position and not pay for individual characteristics or achievement. While RCW 41.18.010(4) does not use the phrase "special salary or wages," it does use a similar phrase — "extra compensation . . . for special duties." The EMT pay is not distinguished from the other kind of pay that firefighters receive. It is not an incentive to obtain EMT certification. Instead, EMT certification is required for the firefighter position. An increase in salary based upon EMT certification is not additional to the usual salary; it is part of the base pay.
[original page 5] Applying the analysis in Grabicki andChancellor to the deferred compensation payments leads to the conclusion that those payments are not basic salary. The deferred compensation payments do not fit the dictionary definition of "basic" in the term "basic salary" under RCW 41.18.010(4). The payments are similar to an employer contribution to a defined benefit public pension plan, or employer payments for health insurance coverage. Those kinds of benefit payments are not "fundamental," "essential," or "minimum" compensation for the duties performed by firefighters. Again, while the RCW 41.18.010(4) definition of "basic salary" does not use the phrase "special salary or wages," it does use a similar phrase — "extra compensation for . . . special duties." The deferred compensation is distinguished from the other kind of pay that firefighters receive. Such a payment would appear to be an incentive for the firefighter to remain with that particular employer for his or her working life.
It is also instructive to examine how deferred compensation payments are viewed with respect to the similar definition of "basic salary" in the LEOFF Act. A Department of Retirement Systems rule provides that employee payments to a deferred compensation program are basic salary; however, employer deferred compensation payments that an employer pays to a member in addition to the members basic rate of pay are not basic salary. WAC 415-104-3201.
Retirement benefits for firefighters under RCW 41.18 are based in part on their "basic salary" as defined by that act. RCW 41.18.010(4), .040. For eligible firefighters who have retired under RCW 41.18, or who were transferred to LEOFF on March 1, 1970, and then retire from LEOFF with the right to the comparison provisions of RCW 41.26.040(2), the retirement calculation under RCW 41.18 is based upon the current basic salary of the rank that the retiree held at his or her retirement. Thus, the term "basic salary" means both the monthly salary for current firefighters as well as the salary used to calculate retirement benefits. Therefore, a pension board must alter the basic salary for eligible RCW 41.18 retirees to address any increase in basic salary, but not for a benefit such as a deferred compensation contribution.
We trust this opinion will be helpful to you.
Sincerely,
 ROB McKENNA Attorney General
 CAROL A. MURPHY Deputy Solicitor General
:pmd
[1] Although your questions referred to the pension board administered by a particular city, our answer is intended as general assistance to you in performing your legislative duties, such as considering whether amendments to current legislation are in order. This opinion is not intended as a comment on any legal questions currently pending in any specific city pension system, as this office does not advise or represent those systems.
[2] This opinion provides legal analysis addressing the definition of basic salary using the facts your provided. The general principles discussed here would have to be applied to the specific facts present in each city's compensation system.
[3] The Grabicki court also noted that an Attorney General's Opinion, AGO 1965-66 No. 85, concluded longevity pay was "basic salary" under a definition of that term in a prior act for firefighters, but that was only because the statute specifically provided that kind of pay was basic salary. Otherwise, longevity pay was without regard to the position and based solely on a member's period of service. Grabicki, 81 Wn. App. at 754. TheGrabicki court saw no difference between longevity pay and education pay, because both constituted pay for individual achievement beyond that required for the duties of the position.Id.