Jeff Hall State Court Administrator Administrative Office of the Courts PO Box 41170 Olympia, WA 98504-1170
Dear Mr. Hall:
By letter previously acknowledged, you have requested our opinion on the following question:
When an existing, authorized superior court judge positionbecomes vacant, does the county have authority to eliminate theposition?
 BRIEF ANSWER
No. The state constitution authorizes the legislature to direct the number of judges for each superior court. A county legislative authority desiring to reduce the number may work with the legislature to accomplish this result through a statutory change.
 ANALYSIS
Your question presents a purely legal issue, and only a limited factual background is necessary in order to place that issue into context. A judge of the Pierce County Superior Court resigned effective November 16, 2009. Citing difficult budgetary circumstances, the Pierce County Council adopted an ordinance stating that the vacant position was eliminated. Pierce County Ordinance 2009-105. You ask whether a county has the authority to eliminate a position on the superior court when that position becomes vacant.[1] We conclude that the state
[original page 2]
constitution vests the authority in the legislature to direct the number of judges on each superior court. A county legislative authority desiring to reduce that number may work with the legislature to do so through a statutory amendment.
The Washington Constitution establishes a superior court for each county, and authorizes the legislature to create additional positions.[2] Wash. Const. art. IV, § 5. The constitution provides for "at least one judge" on each superior court, "until otherwise directed by the legislature." Id. (emphasis added). The constitution and laws also tell us what happens when a superior court position becomes vacant, and they do not contemplate any option by the county to eliminate the position. The state constitution provides that "[i]f a vacancy occurs in the office of judge of the superior court, the governor shall appoint a person to hold the office until the election and qualification of a judge to fill the vacancy, which election shall be at the next succeeding general election, and the judge so elected shall hold office for the remainder of the unexpired term." Wash. Const. art. IV, § 5. The same language is codified in statute. RCW 2.08.120. Whenever state law requires an election to fill a vacancy, the law also requires the county auditor to accept declarations of candidacy and to place the position onto the next election ballot. RCW 29A.24.050(2) (duty to accept declarations of candidacy); RCW 2.08.120 (requirement to conduct the election). If the county auditor declined to accept candidate filings for the position, he or she would potentially be subject to an action in mandamus directing an election for the position. State ex rel. Royal v. Yakima Cy. Comm'rs,123 Wn.2d 451, 466, 869 P.2d 56 (1994) (reversing a denial of a writ of mandamus to the county legislative authority and county auditor to include two district court judge positions on the ballot).
The constitution originally provided for only a single superior court judge for each superior court, while authorizing the legislature to "direct" the creation of additional positions. Wash. Const. art. IV, § 5. The legislature has regularly amended the applicable statutes to add additional positions to the superior courts. For much of the state's history, it did so by simply amending the applicable statutes to increase the number of judges, thereby creating the new positions. Early in the state's history, some legislative acts simply directed the governor, in so many words, to appoint a new judge for a particular county. Laws of 1907, ch. 106, § 1 (directing the governor to "appoint one additional judge for . . . Pierce [County]"); Laws of 1909, ch. 10, § 2 (same). More typically, the legislature simply amended the statute stating how many judges a particular county has, by increasing that number. See, e.g., Laws of 1969, Ex. Sess., ch. 213, § 1 (amending RCW 2.08.061 to increase the number of judges on the Pierce County Superior Court from eight to nine). Such legislation provided no role for the county at all in deciding whether the positions should be created.
[original page 3]
More recently, the legislature has granted a limited role to the county legislative authority regarding the initial decision to create new positions, but has not suggested that counties have any authority to eliminate positions after they are created. The usual formulation of such statutory language has been to make the effectiveness of the new position contingent upon the county's approval of the new positions and agreement to accept the associated costs. The legislature did this for the first time in 1980, when it authorized additional positions on the King County Superior Court. Laws of 1980, ch. 183, § 1 (amending RCW 2.08.061 by conditioning approval of new positions upon county approval and agreement to accept the associated costs). As an additional example, when the legislature authorized the creation of Pierce County's fourteenth and fifteenth superior court positions, it made their effectiveness contingent upon the approval of the county's legislative authority:
 The additional judicial positions created by sections 1 and 2 of this act in Pierce and Clark counties shall be effective only if, prior to January 1, 1987, each county through its duly constituted legislative authority documents its approval of the additional positions and its agreement that it will pay out of county funds, without reimbursement from the state, the expenses of such additional judicial positions as provided by statute. The additional expenses include, but are not limited to, expenses incurred for court facilities.
Laws of 1985, ch. 357, § 4 (uncodified); see also Laws of 1989, ch. 328, § 5 (uncodified) (same for Pierce County's sixteenth through nineteenth superior court positions). The legislature continues to use this approach. See, e.g., Laws of 2007, ch. 95
(dividing the joint superior court for San Juan and Island Counties into two, one for each county, and adding one judge, contingent upon the agreement of both counties to assume the associated costs).
The legislature has varied that language on some occasions. For example, when it authorized the creation of Pierce County's most recently-added superior court positions, the legislature provided:
 The additional positions created by section 3 of this act for the county of Pierce, take effect as follows: One additional judicial position is effective January 1, 1998; two positions are effective January 1, 1999; and two positions are effective January 1, 2000. The actual starting dates for these positions may be established by the Pierce county council upon request of the superior court and by recommendation of the Pierce county executive.
Laws of 1997, ch. 347, § 4 (uncodified).
The legislature's historical pattern of increasing the number of superior court judges by statutory amendment results in a series of five current statutes, authorizing various numbers of judges for each county. RCW 2.08.061 (number of judges for King, Spokane, and Pierce Counties); RCW 2.08.062 (same for Chelan, Douglas, Clark, Grays Harbor, Kitsap, Kittitas, and Lewis Counties); RCW 2.08.063
(same for Lincoln, Skagit, Walla Walla, Whitman, Yakima,
[original page 4]
Adams, and Whatcom Counties); RCW 2.08.064 (same for Benton, Franklin, Clallam, Jefferson, Snohomish, Asotin, Columbia, Garfield, Cowlitz, Klickitat, and Skamania Counties); RCW 2.08.065 (same for Grant, Ferry, Okanogan, Mason, Thurston, Pacific, Wahkiakum, Pend Orielle, Stevens, San Juan, and Island Counties). The statute applicable to Pierce County, among others, provides:
 There shall be in the county of King no more than fifty-eight judges of the superior court; in the county of Spokane thirteen judges of the superior court; and in the county of Pierce twenty-four judges of the superior court.
RCW 2.08.061.
The number of judicial positions on each superior court is, accordingly, a matter of statute. The legislature's recent practice of conditioning effectiveness of new positions upon county approval and agreement to accept the associated costs does not alter the constitutional assignment to the legislature of authority to "direct" the number of judges on each superior court. Wash. Const. art. IV, § 5. The role of the county under these statutory formulations is limited to the initial approval of the positions. Until the legislature began conditioning the effectiveness of new positions upon county approval, new judicial positions were simply created directly by statutory amendment. Under most of the recent legislative enactments, new positions were not created unless the county's legislative authority approved, and agreed to pay the resulting costs. See, e.g., Laws of 1985, ch. 357, § 4. Under the 1997 legislation quoted above, the legislature did not explicitly condition the new positions upon county approval, but allowed the county legislative authority to establish the starting dates for new positions. See, e.g., Laws of 1997, ch. 347, § 4. In both approaches, the legislature included this language only in uncodified sections, and not in permanent statute.See RCW 1.04.010 (describing the RCW as including "all the laws of the state of a general and permanent nature"). The statutes, thus, only afford the county legislative authority a role in the approval of new positions; they do not suggest or imply any authority for a county to eliminate positions after they have been created. The statutory language speaks only to initial creation of new positions, and says nothing more. There is nothing about making the creation of a new position contingent upon a county's consent to fund it, or to set a starting date for it, that implies any authority to eliminate it later. This is particularly clear with regard to the 1997 act, which discusses only starting dates for new positions.
This conclusion makes sense for the additional reason that judges serve both state and county functions, and are, for many reasons, properly regarded as state officers. Superior court judges are both state officers and officers of the county in which they serve.State ex rel. Edelstein v. Foley, 6 Wn.2d 444, 448,107 P.2d 901 (1940) (recognizing the "dual position" of superior court judges as both state officers and county officers); Neal v.Wallace, 15 Wn. App. 506, 508, 550 P.2d 539 (1976) (same). The constitution requires that the state pay half of their salaries, with the other half paid by the county. Wash. Const. art. IV, § 13. The constitution often, but not always, refers to them as state officers. AGO 1994 No. 7 at 2-3 (citing state constitutional provisions referring to superior court judges as state officers, but noting that they are sometimes characterized differently). Their authority extends beyond their county
[original page 5]
boundaries, as well. Wash. Const. art. IV, § 6 (superior court process "shall extend to all parts of the state"); RCW 2.08.210
(same); see also RCW 2.08.160 (decisions of judges sitting as visiting judges in other counties have the same effect as if rendered by a judge of that county). The number of judges sitting in each county is not, accordingly, an exclusively local concern.
Moreover, it is not clear how an implied power of a county to eliminate a superior court position would apply to a multi-county superior court. There is no statute explaining whether a single county could eliminate such a position, or whether joint action by all affected counties would be required. The best explanation for the absence of such a statute is that there is no implied power for a county to eliminate a superior court position.
There is a difference between the phrasing of RCW 2.08.061, which governs the number of judges in King, Spokane, and Pierce Counties, and the phrasing of the statutes governing the number of judges in the other 36 counties. Four of the statutes simply state the number of superior court judges "there shall be" in each county. RCW 2.08.062, .063, .064, .065. For example, RCW 2.08.062 begins: "There shall be in the county of Chelan four judges of the superior court. . . ." The exception is RCW 2.08.061, which, instead of stating "[t]here shall be" a specific number of judges in each county, says "[t]here shall be . . . no more than" a certain number of judges. RCW 2.08.061 (beginning: "There shall be in the county of King no more than fifty-eight judges of the superior court. . . ."). It might be argued that this difference in phrasing leads to a different meaning for RCW 2.08.061 than for the other four statutes, even though they are otherwise similar. In re the Forfeiture ofOne 1970 Chevrolet Chevelle, 166 Wn.2d 834, 842,215 P.3d 166 (2009) ("Where the legislature uses certain statutory language in one statute and different language in another, a difference in legislative intent is evidenced.").
We cannot conclude, however, that the legislature intended the three counties whose superior courts are covered by RCW 2.08.061
(that is, King, Spokane, and Pierce) to have any different authority over the number of superior court judges than do the other 36 counties. Such an argument would place more weight upon the three words, "no more than," than those words are capable of bearing. The phrase "no more than" was added to RCW 2.08.061 in 1980, in the first act in which the legislature conditioned the creation of new judicial positions upon county approval. Laws of 1980, ch. 183, § 1. The legislature may have reasoned that, by conditioning the creation of the new positions on county approval, the possibility arose that the number of judges in a particular county might be less than the number of authorized positions stated in the statute. Indeed, this is currently the case for Pierce County, which, we understand, has not set starting dates for two of the superior court positions authorized under RCW 2.08.061. The statute therefore simply describes the circumstance, and no additional inference is necessary in order to give meaning to all the words.Cf. McGinnis v. State, 152 Wn.2d 639, 645-46,99 P.3d 1240 (2004) (legislature is presumed not to include unnecessary language in statutes). Neither RCW 2.08.061, nor any other statute, mentions any authority for a county to eliminate positions after they have been created. "Courts may not read into a statute matters that are not in it, and may not create legislation under the guise of interpreting a statute." Kilian v.Atkinson, 147 Wn.2d 16, 21, 50 P.3d 638 (2002) (footnote omitted). There is nothing in RCW 2.08.061 to suggest that the legislature has delegated any authority to the counties to reduce the number of
[original page 6]
judges in those counties, and the inclusion of the phrase "not more than" does not imply such a delegation.
A decision of the Washington Supreme Court concerning a county's obligation to pay superior court judges also supports our conclusion that county legislative authorities have no discretion to eliminate positions. The court has explained that the county legislative authority lacks any discretion as to whether to pay the salaries of judges, but simply has a duty to do so imposed by law. State exrel. Lawler v. Grant, 178 Wash. 61, 66, 34 P.2d 355 (1934). Once the positions have been created, the constitution and statutes establish a duty upon the county to pay half of the salary of the judge. Wash. Const. art. IV, § 13. In Lawler, the legislature had created two new positions on the King County Superior Court after King County had adopted its budget. The county budget did not include the two new positions, and the county auditor refused to pay the new judges. Lawler, 178 Wash. at 62-63. The state supreme court concluded that the auditor had a duty to pay the judges and affirmed the issuance of a writ of mandamus directing the payment.Id. at 66. The court also held that the county legislative authority had no discretion to decide whether to pay the judges or not, but rather was compelled by law to do so. Id. at 66-67 (finding no discretion lodged in the county legislative authority with regard to paying judges). The more recent practice of assigning counties some discretion regarding the initial creation of positions suggests nothing to undercut the court's conclusion.
The constitution vests the authority to determine the number of superior court judges in the legislature, not in the counties. Wash. Const. art. IV, § 5. The legislative authority of a county desiring to reduce the number of judges may work with the legislature to accomplish this objective through a statutory amendment.
We trust that the foregoing will be useful to you.
ROB McKENNA Attorney General
JEFFREY T. EVEN Deputy Solicitor General
wros
[1] Your question is not limited to any single county, but because of the recent events in Pierce County, we use that county as an example when reference to a specific county helps to illustrate points relevant to our analysis. We received a thoughtful analysis of the question presented from the chair of the Pierce County Council, which we found helpful in developing our own analysis of the question presented.
[2] Most superior courts serve a single county, but there are also a number of multi-county superior courts. In this opinion, we refer to superior court judges serving in a "county," in order to avoid the repeated use of the phrase, "county or counties" when describing judicial positions.