250 P.3d 112 (2011)
In the Matter of the Personal Restraint of Carlos John WILLIAMS.
Nos. 84711-8, 84799-1.
Supreme Court of Washington, En Banc.
Argued March 31, 2011.
Decided April 7, 2011.
Carlos John Williams, pro se.
Douglas Wayne Carr, Office of the Attorney General, Olympia, WA, for Respondent.
PER CURIAM.
¶ 1 Prison inmate Carlos Williams filed two civil complaints for monetary damages against the Department of Corrections. The superior court treated both actions as postconviction challenges and referred them to the Court of Appeals for consideration as personal restraint petitions. The Court of Appeals dismissed the petitions as improperly seeking monetary relief. Williams filed motions for discretionary review in this court. We consolidate the motions, grant review, reverse the Court of Appeals, and remand to the superior court to treat Williams's actions as civil complaints.
¶ 2 Williams is a prisoner at the Monroe Correctional Center. In March 2010 he filed a summons and complaint in the Snohomish County Superior Court naming the Department of Corrections as defendant. He claimed that the department subjected him to cruel and unusual punishment and racially discriminated against him when a correctional officer ordered him back to his cell and deprived him of dinner. He sought $150,000 in damages, legal costs, and attorney fees. The superior court treated the complaint as a postconviction collateral challenge and transferred it to the Court of Appeals for consideration as a personal restraint petition. See CrR 7.8(c)(2). The court also denied Williams's motion to waive the filing fee and to proceed in forma pauperis.
¶ 3 In April 2010 Williams filed another complaint in Snohomish County Superior Court, again naming the department as defendant. He claimed he had been unconstitutionally punished and discriminated against in relation to his efforts to seek employment in the prison kitchen. Once again he sought $150,000 in damages. As before, the superior court transferred the matter to the Court of Appeals for consideration as a personal restraint petition, and it denied his motion to waive the filing fee and to proceed in forma pauperis.
¶ 4 The Court of Appeals dismissed both "petitions" by separate orders entered on June 1, 2010. As to both, the court observed that Williams had failed to identify any unlawful restraint for purposes of RAP 16.4(c), *113 and that his request for monetary relief was beyond the proper scope of a personal restraint petition. Williams then filed separate motions for discretionary review in this court challenging both orders. We considered the matters together for purposes of this opinion.
¶ 5 As plainly reflected in his superior court pleadings, Williams filed civil actions for monetary damages, not collateral challenges to his judgment and sentence. Consistent with a tort filing, Williams brought his action in Snohomish County Superior Court, the venue where the claimed cause of action arose. See RCW 4.92.010(2). In contrast, a collateral challenge to a conviction in superior court is usually filed in the county of conviction (King County for Williams). See CrR 7.8(c). And it is well settled that a demand for monetary damages is not actionable by personal restraint petition. See In re Pers. Restraint of Sappenfield, 138 Wash.2d 588, 595, 980 P.2d 1271 (1999). The superior court erred in transferring the complaints to the Court of Appeals, and the Court of Appeals erred in also treating the complaints as personal restraint petitions. It should have remanded the cases to the superior court to be treated as civil actions for damages.[1]
¶ 6 The Court of Appeals orders dismissing Mr. Williams's petitions are reversed, and both matters are remanded to the superior court with directions to treat them as civil complaints.[2]
NOTES
[1] It is not known whether Williams served his complaints on the Department of Corrections or any other state agency. We directed the attorney general's office to respond to Williams's motions for discretionary review. In the response, the attorney general urges this court to deny review because Williams's substantive claims are frivolous. The underlying merits of Williams's actions are not properly before us. At issue is the procedural handling of the actions.
[2] To the extent Williams moves to proceed in forma pauperis in this court, the motion is denied. We leave it to the superior court on remand to deal with Williams's actions appropriately in light of that court's proper denial of his motions to proceed in forma pauperis and his apparent failure to pay the filing fees. See Neal v. Wallace, 15 Wash.App. 506, 508-09, 550 P.2d 539 (1976).