# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DANIEL M. HARDING, an individual,

          Appellant,

v.

ARNE O. DENNY, an individual,

          Respondent.

No. 71896-7-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 20, 2015

APPELWICK, J. — Harding appeals the order dismissing his lawsuit, arguing that the dismissal was void for lack of jurisdiction. Harding sued Denny in his personal capacity for fraud Denny allegedly committed as a Skagit County prosecutor. The County provided Denny's legal defense. Denny moved to dismiss, and the trial court granted the motion. Harding argues that the court lacked jurisdiction to rule on the motion, because the County was not a party to the suit. We affirm.

## FACTS

The present case arose from a separate dispute between Daniel Harding and Skagit County (County) over property taxes. Prosecutor Arne Denny represented the County in that dispute. Harding's case against the County was ultimately dismissed, and the trial court awarded attorney fees and costs to the County.

The County provided an itemized cost bill for Denny's legal services. Harding took issue with multiple charges and accused Denny of bill padding. On March 6, 2014, Harding sued Denny in his individual capacity, alleging false representations in the cost bill and Denny's accompanying declaration.

The County provided Denny's legal defense in the present lawsuit. On March 21, Denny moved to dismiss Harding's complaint. The motion stated, "COMES NOW Skagit

County on behalf of defendant A. O. Denny and moves the court for an order dismissing Harding's complaint for failure to state a claim upon which relief may be granted." (Footnote omitted.) The trial court granted the motion to dismiss.

Harding appeals, arguing that the dismissal was void for lack of jurisdiction.

## DISCUSSION

A judgment is void if entered by a court that lacks jurisdiction of the parties or subject matter or lacks the inherent power to make or enter the particular order involved. Dike v. Dike, 75 Wn.2d 1, 7, 448 P.2d 490 (1968). A void judgment must be vacated. Allstate Ins. Co. v. Khani, 75 Wn. App. 317, 323, 877 P.2d 724 (1994).

Harding argues that the trial court lacked jurisdiction to rule on the motion to dismiss. This is so, he asserts, because the County brought the motion even though it was not a party to the lawsuit. Harding notes that the motion specifies the County as the movant. Harding does not ask us to decide the merits of his claim, so we need not consider the defenses that Denny asserts apply to the claim.

We construe motions to effect substantial justice, with substance controlling over form. Neal v. Wallace, 15 Wn. App. 506, 508, 550 P.2d 539 (1976). Here, the County was clearly acting as Denny's representative—not as a party to the suit. The County provided Denny's legal defense pursuant to Skagit County Code (SCC) 2.20.030.[1] The motion recognizes this: "COMES NOW Skagit County on behalf of defendant A. O. Denny." (Emphasis added) (footnote omitted). And, the relief sought—dismissal—

---

[1] "Skagit County may provide legal services for the defense of any of its officers, employees or volunteers when a lawsuit against them arises out of an official act or omission if the requirements of this section are met." SCC 2.20.030(1).

2

affected Denny, not the County.[2]  Fairly construed, the motion was Denny's.  Therefore, Harding's argument that the trial court lacked jurisdiction over the motion is not well taken. The court had jurisdiction to hear and to dismiss the case.

Denny requests reasonable attorney fees and costs as a sanction for responding to a frivolous appeal.  Under RAP 18.9, we may award a respondent attorney fees when a petitioner files a frivolous appeal.  Skinner v. Holgate, 141 Wn. App. 840, 858, 173 P.3d 300 (2007).  An appeal is frivolous when it presents no debatable issues upon which reasonable minds may differ.  Id.  The appeal here is frivolous.  The only issue is whether to exercise discretion to award fees to Denny.  See RAP 18.9(a).  It appears that the award of fees in the original action was the provocation for this second round of litigation. While adding to those fees might encourage Harding to change course, they might also affirm his resolve in what appears a wholly frivolous endeavor.  Accordingly, in hopes that the matter will end here, we decline to award Denny attorney fees and costs under RAP 18.9.

We affirm.

WE CONCUR:

_____

---

[2] The County's only stake in the case was attorney fees, which Denny requested on its behalf.  The trial court denied that request, because the County was not a party to the case.  This decision was not appealed and is not before this court.